1 **RIMAC MARTIN, P.C.**
JOSEPH M. RIMAC - State Bar No. 72381
2 ANNA M. MARTIN - State Bar No. 154279
amartin@rimacmartin.com
3 1051 Divisadero Street
San Francisco, California 94115
4 Telephone (415) 561-8440
Facsimile (415) 561-8430
5

Attorneys for Defendant
6 H & R BLOCK LONG TERM DISABILITY
INSURANCE PLAN
7

8

UNITED STATES DISTRICT COURT
9
FOR THE NORTHERN DISTRICT OF CALIFORNIA
10
SAN FRANCISCO DIVISION
11

**E-FILING**
12

SANDRA FRANCO,             )
13                          ) **CASE NO. CV 08-0150 EDL**
       Plaintiff,           )
14                          ) **DEFENDANT'S ANSWER TO**
   vs.                      ) **PLAINTIFF'S COMPLAINT FOR**
15                          ) **DISABILITY BENEFITS UNDER ERISA**
H & R BLOCK LONG TERM DISABILITY )
16 INSURANCE PLAN,          )
                            )
17     Defendant.           )
_____ )
18

19     COMES NOW Defendant H & R BLOCK LONG TERM DISABILITY INSURANCE

20 PLAN ("the PLAN" or "defendant"), and in answer to Plaintiff's Complaint Under ERISA

21 ("plaintiff's complaint"), responds states and avers as follows:

22     1.    Answering paragraph 1 of plaintiff's complaint entitled "JURISDICTION,"

23 defendant admits that plaintiff's claim for benefits arises under the Employee Retirement Income

24 Security Act of 1974, 29 U.S.C., Sections 1001 *et seq*. Save and except as expressly admitted

25 herein, defendant denies each and every remaining allegation contained in paragraph 1 of

26 plaintiff's complaint

27     2.    Answering paragraph 2 of plaintiff's complaint, under "PARTIES," defendant

28 admits that plaintiff SANDRA FRANCO was a participant under the PLAN some of the time but

---
-1-
**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**                    **CASE NO. CV 08 0150 EDL**

1  not all of the time mentioned in plaintiff's Complaint.  Save and except as expressly admitted
2  herein, defendant denies each and every remaining allegation contained in paragraph 2 of
3  plaintiff's complaint.

4        3.  Answering paragraph 3 of plaintiff's complaint, under "PARTIES," defendant
5  admits that HRB Management, Inc. is the plan administrator of the PLAN.  Save and except as
6  expressly admitted herein, defendant denies each and every remaining allegation contained in
7  paragraph 3 of plaintiff's complaint.

8        4.  Answering paragraph 4 of plaintiff's complaint, under "PARTIES," defendant
9  admits that the PLAN is an employee welfare benefit plan and that this Court has subject matter
10 jurisdiction.  Save and except as expressly admitted herein, defendant denies each and every
11 remaining allegation in paragraph 4 of plaintiff's complaint.

12       5.  Answering paragraph 5 of plaintiff's complaint, under "FACTS," defendant
13 admits that plaintiff was a participant in the PLAN on August 1, 2004.  Save and except as
14 expressly admitted herein, defendant denies each and every remaining allegation contained in
15 paragraph 5 of plaintiff's complaint.

16       6.  Answering paragraph 6 of plaintiff's complaint, under "FACTS," defendant
17 admits that UNUM approved disability benefits to plaintiff beginning January 28, 2005 with a
18 date of disability of August 1, 2004.  Save and except as expressly admitted herein, defendant
19 denies each and every remaining allegation contained in paragraph 6 of plaintiff's complaint.

20       7.  Answering paragraph 7 of plaintiff's complaint, under "FACTS," defendant
21 admits that the claims review fiduciary of the PLAN advised plaintiff that she was not eligible for
22 further benefits on March 30, 2007.  Save and except as expressly admitted herein, defendant
23 denies each and every remaining allegation contained in paragraph 7 of plaintiff's complaint.

24       8.  Answering paragraph 8 of plaintiff's complaint, under "FACTS," defendant
25 admits that plaintiff's appeal was timely.  Defendant PLAN further admits that on December 20,
26 2007, the claims review fiduciary of the PLAN upheld its initial decision after appeal.  Save and
27 except as expressly admitted herein, defendant denies each and every remaining allegation
28 contained in paragraph 8 of plaintiff's complaint.

9. Answering paragraph 8 of plaintiff's complaint, under "FACTS," defendant admits that plaintiff exhausted administrative remedies. Save and except as expressly admitted herein, defendant denies each and every remaining allegation contained in paragraph 8 of plaintiff's complaint.

10. The PLAN hereby incorporates by reference paragraphs 1 through 9 above as if fully set forth herein.

11. Answering paragraph 11 of plaintiff's complaint, under "CLAIM FOR RELIEF," defendant admits that plaintiff's claim for benefits arises under ERISA. Defendant states that it is not required to provide a response to plaintiff's purported legal cites. Save and except as expressly admitted herein, defendant denies each and every remaining allegation contained in paragraph 11 of plaintiff's complaint.

12. Answering paragraph 12 of plaintiff's complaint, under "CLAIM FOR RELIEF," defendant denies that plaintiff has been deprived of any additional benefits as plaintiff was not entitled to additional benefits under the PLAN, and on that basis denies the allegations contained in paragraph 12 of plaintiff's complaint.

13. Answering paragraphs 1 through 3 of plaintiff's "PRAYER FOR RELIEF," defendant denies that plaintiff has been damaged in the amount alleged, in any amount, or at all, that plaintiff is entitled to future or past benefits under the PLAN, denies plaintiff is entitled to any interest thereon, denies plaintiff is entitled to her attorney fees and costs, and further denies that plaintiff is entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1. Plaintiff's purported claim for relief fails to state facts sufficient to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

2. Plaintiff's recovery, if any, is limited by the terms, conditions, limitations, exclusions and other provisions of the PLAN.

**THIRD AFFIRMATIVE DEFENSE**

3. Plaintiff is not entitled to any further benefits under the PLAN at issue.

**FOURTH AFFIRMATIVE DEFENSE**

4. Plaintiff's claims against defendant arise solely under ERISA. Therefore, plaintiff's rights and remedies are limited solely to those afforded under ERISA.

**FIFTH AFFIRMATIVE DEFENSE**

5. Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

**SIXTH AFFIRMATIVE DEFENSE**

6. Plaintiff has failed to mitigate her alleged damages, if any.

**SEVENTH AFFIRMATIVE DEFENSE**

7. Plaintiff's claims are barred, in whole or in part, to the extent that plaintiff has failed to perform all of her obligations under the PLAN at issue.

**EIGHTH AFFIRMATIVE DEFENSE**

8. The decision on plaintiff's claim was neither arbitrary nor capricious.

**NINTH AFFIRMATIVE DEFENSE**

9. No act or omission of defendants constitutes the proximate or legal cause of any of plaintiff's damages, if any, because, amongst other things, the terms of the alleged contract of insurance did not allow for payment of the claimed benefits.

**TENTH AFFIRMATIVE DEFENSE**

10. Any alleged damage suffered by plaintiff was in no way caused by, or the result of, any fault, act or omission by defendant, but was caused by circumstances, persons, and/or entities for which and/or whom defendant is not and may not be held responsible, including plaintiff, and for which defendant cannot be held liable.

**ELEVENTH AFFIRMATIVE DEFENSE**

11. Plaintiff's conduct bars, estops and/or constitutes a waiver of the claim asserted in plaintiff's complaint.

**TWELFTH AFFIRMATIVE DEFENSE**

12. Plaintiff's claim for relief are barred by the doctrine of laches.

**THIRTEENTH AFFIRMATIVE DEFENSE**

13. While denying any liability to plaintiff, there is no "vesting" of benefits under the policy, and any claim for benefits based on an alleged continuing disability must be supported by proof of such continuing disability. Benefits cannot be awarded prospectively.

Defendant reserves the right to assert additional affirmative defenses should it become aware of additional defenses during the course of this litigation, as set forth in Federal Rules of Civil Procedure, Rule 8.

**WHEREFOR**, defendant prays for judgment as follows:

1. That plaintiff take nothing by reason of her complaint; and,
2. For such other and further relief as the Court deems just and proper.

RIMAC & MARTIN, P.C.

DATED: May 11, 2008    By:    /s/ ANNA M. MARTIN
ANNA M. MARTIN
Attorneys for Defendant
H & R Block Long Term Disability Insurance Plan

-5-
DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT                CASE NO. CV 08 0150 EDL