1  **RIMAC MARTIN, P.C.**
2  JOSEPH M. RIMAC - State Bar No. 72381
   ANNA M. MARTIN - State Bar No. 154279
3  1051 Divisadero Street
   San Francisco, California 94115
4  Telephone (415) 561-8440
   Facsimile (415) 561-8430
5
   Attorneys for Defendant
6  H & R BLOCK LONG TERM DISABILITY
   INSURANCE PLAN
7  **FRICKER & MELLEN & ASSOCIATES**
8  TIMOTHY J. FRICKER - State Bar No. 183309
   JAMES G. MELLEN - State Bar No. 122035
9  Tribune Tower
   409 13th Street, 17th Floor
10 Oakland, CA  94612
   Telephone (510) 663-8484
11 Facsimile (510) 663-0639

12 Attorneys for Plaintiff
   SANDRA L. FRANCO

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

## E-FILING

| SANDRA FRANCO, | ) | |
|---|---|---|
| | ) | CASE NO.  CV 08-00150 SI |
| Plaintiff, | ) | |
| | ) | **DEFENDANT'S CASE MANAGEMENT** |
| vs. | ) | **CONFERENCE STATEMENT** |
| | ) | |
| H & R BLOCK LONG TERM DISABILITY | ) | |
| INSURANCE PLAN, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Defendant, H & R Block Long Term Disability Insurance Plan, in the above-captioned matter, by and through its respective attorneys of record herein, submit this Case Management Statement and Proposed Order, and request the Court adopt it as its Case Management Order for this case.

/ / /

-1-
**DEFENDANTS' CASE MANAGEMENT STATEMENT**                    **CASE NO.  CV 08-00150 SI**

1.  **Jurisdiction and Service**

The Court has original jurisdiction of this action pursuant to 28 U.S.C. § 1331 in that this action arises under federal law. Plaintiff's claim for benefits arises under an employee welfare benefit plan ("the plan") as defined by ERISA section 502, 29 U.S.C. § 1002. The H.& R. Block Long Term Disability Plan is wholly insured by a group long term disability policy issued by UNUM Life Insurance Company of America. No parties remain to be served.

2.  **Facts**

This is an action for recovery of benefits claimed under an employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq*. Plaintiff was an employee of H & R Block and was a participant in the H & R Block Long Term Disability Insurance Plan (the "Plan"), a group plan underwritten by Unum Life Insurance Company of America ("Unum").

   a.  **The Principal Factual Issues Which the Parties Dispute**

Whether UNUM's determination to deny further LTD benefits was reasonable and/or correct..

3.  **Legal Issues**

The principal factual and legal bases for plaintiff's claims and defendant's defenses are:

•   The standard of review to be applied by the Court when reviewing Unum's determination.

4.  **Motions**

This case may be decided on cross-motions for summary judgment.

5.  **Amendment of Pleadings**

No amendments are anticipated.

6.  **Evidence Preservation**

Defendants assert that no discovery is permitted as the review of the denial of plaintiff's claim for benefits must be made by the Court based on the administrative record of the claims appeal that was before UNUM at the time it concluded further benefits were not payable. See

*Kearney v. Standard Ins. Co.*, 175 F.3d 1084,1094-1095 (9th Cir. 1999) and *Taft v. Equitable Life Assurance Society*, 9 F.3d 1469, 1471-72 (9th Cir. 1993).

The administrative record has been produced to plaintiff.

Notwithstanding the foregoing, the parties agree, during pendency of the litigation, to preserve all documents relevant to the subject matter of litigation, including, electronic databases, internal and external e-mail systems, and hard copy documents. The parties affirm that appropriate steps have been taken to help ensure the preservation of potentially discoverable materials.

**7.    Disclosures**

On May 29, 2008, defendant fully and timely complied with disclosures by producing the administrative record to plaintiff, consisting of documents Bates numbered UACL00001 through UACL01542 and the Plan policy, designated UASP10001 through UASP10042.

**8.    Discovery**

Defendant asserts that no discovery is permitted as the review of the denial of plaintiff's claim for benefits must be made by the Court based on the administrative record of the claims appeal that was before UNUM at the time it concluded benefits were not payable. See *Kearney v. Standard Ins. Co.*, 175 F.3d 1084,1094-1095 (9th Cir. 1999) and *Taft v. Equitable Life Assurance Society*, 9 F.3d 1469, 1471-72 (9th Cir. 1993).

**9.    Class Action**

This is not a class action.

**10.    Related Cases**

There are no related cases.

**11.    Relief**

Plaintiff seeks recovery of all past due benefits. There are no counterclaims.

**12.    Settlement and ADR**

Plaintiff will recommend court sponsored mediation.

Defendant will recommend private mediation.

**13.    Consent to Magistrate Judge For All Purposes**

1  Defendant has filed a declination to proceed before a United States Magistrate Judge
2  and the matter was reassigned to the Honorable United States District Court Susan Illston on
3  May 14, 2008.

4  14.  **Other References**

5  This case is not suitable for reference to a binding arbitration, Special Master, or to a
6  Magistrate Judge for trial.  This case is not suitable for reference to the Judicial Panel on
7  Multidistrict Litigation.

8  15.  **Narrowing of Issues**

9  As this matter is governed by ERISA, the issues are narrowed in that the Court will
10 review the administrative record supplemented by the argument of counsel to determine whether
11 Unum's decision should be upheld applying the appropriate standard of review.

12 16.  **Expedited Schedule**

13 An expedited schedule is not requested.

14 17.  **Scheduling**

15 Unum would like to complete ADR in the next 120 days.

16 18.  **Trial**

17 Defendant suggests that trial should be set in April, 2009.

18 Defendant asserts that the trial of this action, if any, will be conducted with the
19 Court's review of the administrative record supplemented by the argument of counsel.  The court
20 trial in this matter should take no more than one day.  ERISA does not provide for a jury trial.
21 *Neill v. Shell Oil Co.*, 835 F.2d 209 (9th Cir. 1987); *Beau v. Del Monte Corp.*, 748 F.2d 1348
22 (9th Cir. 1984), *cert. denied*, 474 U.S. 865 (1985).

23 19.  **Disclosure of Non-party Interested Entities or Persons**

24 A Certification of Interested Entities or Person has been filed by all parties.

25 20.  **Such Other Matters as May Facilitate the Just, Speedy and Inexpensive**
26 **Disposition of this Matter**

27 Defendant has no other matters to raise at this time.

28

RIMAC MARTIN, P.C

DATED: August 15, 2008        By:    /s/ **A**NNA **M. M**ARTIN
                                      ANNA M. MARTIN
                                      Attorneys for Defendant
                                      H & R BLOCK LONG TERM DISABILITY
                                      INSURANCE PLAN