**RIMAC  MARTIN, P.C.**
JOSEPH M. RIMAC - State Bar No.  72381
ANNA M. MARTIN - State Bar No. 154279
1051 Divisadero Street
San Francisco, California 94115
Telephone (415) 561-8440
Facsimile (415) 561-8430

Attorneys for Defendant
H & R BLOCK LONG TERM DISABILITY
INSURANCE PLAN

**FRICKER & MELLEN & ASSOCIATES**
TIMOTHY J. FRICKER - State Bar No. 183309
JAMES G. MELLEN - State Bar No. 122035
Tribune Tower
409 13th Street, 17th Floor
Oakland, CA  94612
Telephone (510) 663-8484
Facsimile (510) 663-0639

Attorneys for Plaintiff
SANDRA L. FRANCO

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

# *E-FILING*

| | |
|---|---|
| SANDRA FRANCO, | ) CASE NO.  **CV 08-00150 SI** |
| Plaintiff, | ) |
| | ) **JOINT CASE MANAGEMENT** |
| vs. | ) **CONFERENCE  STATEMENT** |
| | ) |
| H & R BLOCK LONG TERM DISABILITY | ) |
| INSURANCE PLAN, | ) |
| | ) |
| Defendant. | ) |

The parties in the above-captioned matter, by and through their respective attorneys of record herein, submit this Case Management Statement and Proposed Order, and request the Court adopt it as its Case Management Order for this case.

/ / /

/ / /

**1.    Jurisdiction and Service**

The Court has original jurisdiction of this entire action pursuant to 28 U.S.C. § 1331 in that this action arises under federal law.  Plaintiff's claim for benefits arises under an employee welfare benefit plan ("the plan") as defined by ERISA section 502, 29 U.S.C. § 1002.   The H.& R. Block Long Term Disability Plan is wholly insured by a group long term disability policy issued by UNUM Life Insurance Company of America.   No parties remain to be served.

**2.    Facts**

This is an action for recovery of benefits claimed under an employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*  Plaintiff was an employee of H & R Block  and was a participant in the H & R Bock Long Term Disability Insurance Plan (the "Plan"), a group plan underwritten by Unum Life Insurance Company of America ("Unum").

**a.    The Principal Factual Issues Which the Parties Dispute**

Whether UNUM's determination to deny further LTD benefits was reasonable and/or correct.

**3.    Legal Issues**

The principal factual and legal bases for plaintiff's claims and defendant's defenses are:

•    The standard of review to be applied by the court in reviewing UNUM's decision on plaintiff's claim.

**4.    Motions**

This case may be decided on cross-motions for summary judgment.

**5.    Amendment of Pleadings**

No amendments are anticipated.

**6.    Evidence Preservation**

Defendant asserts that no discovery is permitted as the review of the denial of plaintiff's claim for benefits must be made by the Court based on the administrative record of the claims appeal that was before UNUM at the time it concluded further benefits were not payable.  See

1 | *Kearney v. Standard Ins. Co.*, 175 F.3d 1084,1094-1095 (9th Cir. 1999) and *Taft v. Equitable*
2 | *Life Assurance Society*, 9 F.3d 1469, 1471-72 (9th Cir. 1993).

3 |       The administrative record  has been produced to plaintiff.

4 |       Notwithstanding the foregoing, the parties agree, during pendency of the litigation, to
5 | preserve all documents relevant to the subject matter of litigation, including, electronic databases,
6 | internal and external e-mail systems, and hard copy documents.  The parties affirm that
7 | appropriate steps have been taken to help ensure the preservation of potentially discoverable
8 | materials.

9 |       **7.    Disclosures**

10 |       On May 29, 2008, defendant fully and timely complied with disclosures by producing the
11 | administrative record to plaintiff, consisting of  documents Bates numbered UACL00001 through
12 | UACL01542 and the Plan policy, designated UASP10001 through UASP10042.

13 |       **8.    Discovery**

14 |       Defendant asserts that no discovery is permitted as the review of the denial of plaintiff's
15 | claim for benefits must be made by the Court based on the administrative record of the claims
16 | appeal that was before UNUM at the time it concluded benefits were not payable.  See *Kearney*
17 | *v. Standard Ins. Co.*, 175 F.3d 1084,1094-1095 (9th Cir. 1999) and *Taft v. Equitable Life*
18 | *Assurance Society*, 9 F.3d 1469, 1471-72 (9th Cir. 1993).

19 |       **9.    Class Action**

20 |       This is not a class action.

21 |       **10.    Related Cases**

22 |       There are no related cases.

23 |       **11.    Relief**

24 |       Plaintiff seeks recovery of all past due benefits.  There are no counterclaims.

25 |       **12.    Settlement and ADR**

26 |       Plaintiff will recommend court sponsored mediation.

27 |       Defendant will recommend private mediation.

28 |

**JOINT CASE MANAGEMENT STATEMENT**           **CASE NO.  CV 08-00150 SI**

**13.    Consent to Magistrate Judge For All Purposes**

Defendant has filed a declination to proceed before a United States Magistrate Judge and the matter was reassigned to the Honorable United States District Court Susan Illston on May 14, 2008.

14.    **Other References**

This case is not suitable for reference to a binding arbitration, Special Master, or to a Magistrate Judge for trial.  This case is not suitable for reference to the Judicial Panel on Multidistrict Litigation.

15.    **Narrowing of Issues**

Unum would like to complete ADR in the next 120 days.

16.    **Expedited Schedule**

An expedited schedule is not requested

17.    **Scheduling**

Defendant would like to complete ADR in the next 120 days.

18.    **Trial**

Defendant suggests that trial should be set in April, 2009.

Defendant asserts that the trial of this action, if any, will be conducted with the Court's review of the administrative record supplemented by the argument of counsel.  The court trial in this matter should take no more than one day.  ERISA does not provide for a jury trial. *Neill v. Shell Oil Co.*, 835 F.2d 209 (9th Cir. 1987); *Beau v. Del Monte Corp.*, 748 F.2d 1348 (9th Cir. 1984), *cert. denied*, 474 U.S. 865 (1985).

19.    **Disclosure of Non-party Interested Entities or Persons**

A Certification of Interested Entities or Person has been filed by all parties.

20.    **Such Other Matters as May Facilitate the Just, Speedy and Inexpensive Disposition of this Matter**

Defendant has no other matters to raise at this time.

1

2

3  DATED:  August 15, 2008

4

5

6

7

8

9  DATED:  August 15, 2008

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

RIMAC MARTIN, P.C

By:    /s/ **Anna M. Martin**
ANNA M. MARTIN
Attorneys for Defendant
H & R BLOCK LONG TERM DISABILITY
INSURANCE PLAN

FRICKER & MELLEN & ASSOCIATES

By:    /s/ **James G. Mellen**
JAMES G. MELLEN
Attorneys for Plaintiff
SANDRA FRANCO